FILED
2021 Jul-20  AM 08:23
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| DeVon Barber, | ) | |
| | ) | |
| Plaintiff. | ) | Civil Action No.: |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Unicom Birmingham, LLC., | ) | |
| d/b/a Metro By T-Mobile | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

---

## COMPLAINT

---

 **COMES NOW** the Plaintiff, DeVon Barber, ("Plaintiff") by and through his undersigned counsel, and hereby files this Complaint against Unicom Birmingham, LLC., d/b/a Metro By T-Mobile ("Defendant") and seeks redress for discrimination and retaliation suffered by Plaintiff in his capacity as an employee of the Defendant. Defendant discriminated against the Plaintiff on the basis of Plaintiff's race and sexual orientation in violation of **Title VII** of the Civil Rights Act of 1964, as amended, **42 U.S.C §§ 2000e *et seq,* *42 U.S.C §§ 1981 et seq.*,** and any other cause(s) of action that can be inferred from the facts set forth herein and states the following:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. §2000e-5(f)(3), 42 U.S.C § 1981, 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4).

2. The unlawful employment acts, and other acts alleged herein, took place within the Southern Division of the Northern District of Alabama.

3. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Northern District of Alabama.

## PARTIES

4. Plaintiff, DeVon Barber, is domiciled in the State of Alabama.

5. At all relevant times, the Plaintiff was an "employee" of the Defendant as defined under Title VII.

6. The Defendant is a domestic limited liability company licensed to do business in the State of Alabama.

7. At all relevant times, Defendant was an "employer" as defined under Title VII

8. Defendant employs over 15 employees and is subject to Title VII.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII

9. Plaintiff has complied with the jurisdictional requirements of Title VII that on to wit: Plaintiff caused  charges of discrimination in employment to be filed with the Equal Employment Opportunity Commission (hereinafter sometimes referred to as the "EEOC") in accordance with Section 705 of Title VII.

10. A Notification of Right to Sue letter was received on April 22, 2021, and this Complaint has been filed within ninety (90) days of receipt of said Notification of Right to Sue. A copy of the notice is attached as Exhibit 1.

## **GENERAL FACTS**

11. Plaintiff began his employment with the Defendant around 2016.

12. The Defendant is Unicom Birmingham, LLC, branded and doing business as Metro By T-Mobile.

13. Plaintiff left his original employment with the Defendant in 2016.

14. Plaintiff returned to work with the Defendant in August of 2018, and he was promised a raise for returning, since sales were down after he left.

15. Due to the intolerable work environment that Plaintiff was subjected to, Plaintiff was forced to resign his employment on or about March 28, 2020.

## **COUNT I**

## **VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.**

## (Hostile Work Environment)

16. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 above, as if fully set out herein.

17. The Plaintiff is a black, homosexual male and is, therefore, a member of a protected class.

18. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., as Defendant has created, condoned, and fostered a hostile work environment to the detriment of the Plaintiff, and to which white and heterosexual employees were not subjected to.

19. Plaintiff returned to work for the Defendant around August of 2018 with the promise of a raise.

20. Plaintiff never received the raise.

21. Around December of 2018, Amro Khaleq, a manager for the Defendant, brought his family and friends in to work with Plaintiff.

22. Mr. Khaleq's cousin told Plaintiff he bet Plaintiff, "suck d**k better than a female."

23. Shortly after this, Plaintiff was contacted by Metro Wireless corporate about becoming a Metro Master.

24. This position would guarantee a raise and managerial duties.

25. Mr. Khaleq informed the Plaintiff that he was not giving him a raise and that

Plaintiff, "should be happy I'm paying you $9.50 with your gay d**k taking a**."

26. Plaintiff immediately reported Mr. Khaleq to corporate HR for this conduct.

27. Mr. Khaleq became aware that Plaintiff reported him, and the conduct the Plaintiff was subjected to worsened.

28. Mr. Khaleq asked the Plaintiff, "why the f**k would you call them black b***h."

29. He then stated, "y'all gays are really not valued."

30. The comments about Plaintiff's race and sexual orientation were routine, offensive, and unwelcomed.

31. Sometime around August of 2019, Mr. Khaleq called the Plaintiff to inform him that his boyfriend was not allowed to bring him lunch and that the Plaintiff could only eat when he told him he could.

32. The reason Mr. Khaleq told the Plaintiff he could not have his boyfriend bring him lunch was that "gays do not have rights."

33. Around January of 2020, Mr. Khaleq asked the Plaintiff if he was still gay.

34. Plaintiff responded that he was and would be "until the day I die."

35. Mr. Khaleq responded, "omg I can't wait."

36. Plaintiff perceived this as a threat to his life.

37. Around February of 2020, Plaintiff requested time off to go to the beach with his boyfriend.

38. The request was denied by Mr. Khaleq, and he told Plaintiff, "You can get your d**k sucked in Birmingham, Alabama."

39. In March of 2020, the Covid-19 outbreak began.

40. Mr. Khaleq denied the Plaintiff's request for PPE and stated, "you are gay, you don't need it. Y'all go out and get HIV and still live with it. You do not need PPE."

41. Due to the continuous, derogatory comments and intolerable treatment, Plaintiff felt compelled to resign from his employment with the defendant on or about March 28, 2020.

42. Plaintiff was unable to complete his essential job functions, the terms of his employment were altered by the constant verbal and mental abuse, and he was subjected to a physically threatening environment, to which white and heterosexual employees were not subjected.

43. The Defendant, through Amro Khaleq as an employee, created a hostile work environment based on Plaintiff's race and/or sexual preference that was severe and pervasive enough to alter the terms of his employment.

44. Plaintiff was unable to efficiently complete his job, was unable to make sales, and was scared to come in to work due to the stress, fear of verbal and mental abuse, and threat of physical harm.

45. Defendant's discriminatory action(s) against Plaintiff were in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional, done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States, and as such, Plaintiff is entitled to receive punitive damages.

46. Plaintiff has suffered, and continues to suffer, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful discrimination.

## COUNT II

## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-3(a)

47. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 above, as if fully set out herein.

48. Around December of 2018, Plaintiff began participating in a protected activity when he reported Mr. Khaleq to corporate HR.

49. Mr. Khaleq became aware that Plaintiff reported him, and the conduct Plaintiff was subjected to worsened.

50. Mr. Khaleq asked the Plaintiff, "why the f**k would you call them black b***h."

51. He then stated, "y'all gays are really not valued."

52. The comments about Plaintiff's race and sexual orientation were routine, offensive, and unwelcomed.

53. Sometime around August of 2019, Mr. Khaleq called the Plaintiff to inform him that his boyfriend was not allowed to bring him lunch and that the Plaintiff could only eat when he told him he could.

53. The reason Mr. Khaleq told the Plaintiff he could not have his boyfriend bring him lunch was that "gays do not have rights."

54. Around January of 2020, Mr. Khaleq asked the Plaintiff if he was still gay.

55. Plaintiff responded that he was and would be "until the day I die."

56. Mr. Khaleq responded, "omg I can't wait."

57. Plaintiff perceived this as a threat to his life.

58. Around February of 2020, Plaintiff requested time off to go to the beach with his boyfriend.

59. The request was denied by Mr. Khaleq, and he told Plaintiff, "You can get your d**k sucked in Birmingham, Alabama."

60. In March of 2020, the Covid-19 outbreak began.

61. Mr. Khaleq denied the Plaintiff's request for PPE and stated, "you are gay, you don't need it. Y'all go out and get HIV and still live with it. You do not need PPE."

62. Due to the continuous, derogatory comments and intolerable treatment,

Plaintiff felt compelled to resign from his employment with the defendant on or about March 28, 2020 and was constructively discharged.

63. Plaintiff has a good-faith belief that the above-mentioned actions were the result of his reporting Mr. Khaleq to the HR hotline for harassment.

64. This adverse employment action was in direct retaliation to Plaintiff reporting Mr. Khaleq to the HR hotline for harassment.

65. None of the adverse employment actions and/or events described above occurred until after the Plaintiff reported Mr. Khaleq to the HR hotline, forming a causal connection between the adverse employment actions and/or events and the Plaintiff opposing an unlawful employment practice.

66. Defendant intentionally discriminated against Plaintiff by retaliating against him for opposing an unlawful employment practice.

67. Defendant's retaliatory action(s) against Plaintiff violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional, and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

68. Plaintiff has suffered, and continues to suffer, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful retaliation.

## **COUNT III**

## **VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS**

## **AMENDED, 42 U.S.C. § 2000E ET SEQ.**

## **(DISPARATE TREATMENT BASED ON SEXUAL ORIENTATION)**

69. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 above, as if fully set out herein.

70. The Plaintiff, based on his sexual orientation, is a member of a protected class.

71. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. as Defendant has engaged in the practice of discrimination against Plaintiff.

72. Plaintiff returned to work for the Defendant, around August of 2018, with the promise of a raise.

73. Plaintiff never received the raise.

74. Around December of 2018, Amro Khaleq brought his family and friends in to work with Plaintiff.

75. Mr. Khaleq's cousin told Plaintiff he bet Plaintiff, "suck d**k better than a female."

76. Shortly after this Plaintiff was contacted by Metro Wireless corporate about becoming a Metro Master.

77. This position would guarantee a raise and managerial duties.

78. Mr. Khaleq informed the Plaintiff that he was not giving him a raise and that Plaintiff, "should be happy I'm paying you $9.50 with your gay d**k taking a**."

79. Plaintiff immediately reported Mr. Khaleq to corporate HR for this conduct.

80. Mr. Khaleq became aware that Plaintiff reported him and the conduct got worse.

81. Mr. Khaleq asked the Plaintiff, "why the f**k would you call them black b***h."

82. He then stated, "y'all gays are really not valued."

83. The comments about Plaintiff's sexual orientation were routine, offensive, and unwelcomed.

84. Sometime around August of 2019, Mr. Khaleq called the Plaintiff to inform him that his boyfriend was not allowed to bring him lunch and that the Plaintiff could only eat when he told him he could.

85. The reason Mr. Khaleq told the Plaintiff he could not have his boyfriend bring him lunch was that "gays do not have rights."

86. Around January of 2020, Mr. Khaleq asked the Plaintiff if he was still gay.

87. Plaintiff responded that he was and would be, "until the day I die."

88. Mr. Khaleq responded, "omg I can't wait."

89. Plaintiff perceived this as a threat to his life.

90. Around February of 2020, Plaintiff requested time off to go to the beach with his boyfriend.

91. The request was denied by Mr. Khaleq, who told Plaintiff, "You can get your

d**k sucked in Birmingham, Alabama."

92. In March of 2020, the Covid-19 outbreak began.

93. Mr. Khaleq denied the Plaintiff's request for PPE and stated, "you are gay, you don't need it. Y'all go out and get HIV and still live with it. You do not need PPE."

94. Due to the continuous, derogatory comments and intolerable treatment, Plaintiff felt compelled to resign from his employment with the defendant on or about March 28, 2020 and was constructively discharged.

95. Members of a traditional, heterosexual sexual orientation were not subjected to the same treatment as the Plaintiff, as it is described above.

96. The Defendant, through its agents, discriminated against Plaintiff by subjecting Plaintiff to treatment that traditional sexually oriented employees were not subjected to, in violation of Title VII.

97. Defendant's discriminatory action(s) against Plaintiff were in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional, done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States, and as such, Plaintiff is entitled to punitive damages.

## **COUNT IV**

## **VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS**

**AMENDED, 42 U.S.C. § 2000E ET SEQ.**

**(DISPARATE TREATMENT BASED ON RACE)**

98. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 above, as if fully set out herein.

99. The Plaintiff, an African American male, is a member of a protected class.

100. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., as Defendant has engaged in the practice of discrimination against Plaintiff.

101. After reporting Mr. Khaleq to HR Mr. Khaleq asked the Plaintiff, "why the fuck would you call them black b***h."

102. White employees were not subjected to racial slurs.

103. The comments about Plaintiff's race were routine, offensive,  and unwelcomed.

104. The Defendant, through its agents, discriminated against Plaintiff by subjecting Plaintiff to treatment that white employees were not subjected to, which is a violation of Title VII.

105. Defendant's discriminatory action(s) against Plaintiff violate Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional, done with malice and reckless disregard for Plaintiff's rights as

guaranteed under the laws of the United States, and as such, Plaintiff is entitled to punitive damages.

## COUNT V

## VIOLATION OF 42 U.S.C § 1981

106. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 above, as if fully set out herein.

107. Plaintiff has been discriminated against, singled out and treated differently than similarly situated white employees solely because of his race, African American, in violation of 42 U.S.C § 1981 as amended by the Civil Rights Act of 1991.

108. This treatment by the Defendant has affected the terms and conditions and enjoyment of Plaintiff's employment.

109. After reporting Mr. Khaleq to corporate HR Mr. Khaleq asked the Plaintiff, "why the f**k would you call them black b***h."

110. White employees were not subjected to racial slurs.

111. The comments about Plaintiff's race were routine, offensive, and unwelcomed.

112. Plaintiff believes and avers that the effect of the Defendant's unlawful employment practices has been to limit, classify and discriminate against persons of African American ancestry in ways which jeopardize and intend to deprive

them of employment opportunities and otherwise adversely affect their status as employees because of their race in violation of 42 U.S.C § 1981.

113. By not subjecting white individuals to the conduct Plaintiff was subjected to Defendant intentionally and willfully discriminated against the Plaintiff in violation of 42 U.S.C § 1981.

114. Plaintiff has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful discrimination.

## PRAYER FOR RELIEF FOR ALL COUNTS

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

A. Issue a declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole the Plaintiff by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, punitive damages, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury.


Respectfully submitted,


*/s/ Ray Foushee*
Raymond Foushee
ASB-9344-X13G
*Attorney for Plaintiff*

*/s/Jeremy Schatz*
D. Jeremy Schatz
ASB-2400-H34Y
*Attorney for Plaintiff*


OF COUNSEL:
Virtus Law Group
100 41st Street South, Suite A
Birmingham, AL 35222
js@vlgal.com

rf@vlgal.com

## **<u>CLERK: PLEASE SERVE VIA CERTIFIED MAIL:</u>**

Unicom Birmingham, LLC.
C/O Ali Sadiq
309 Oxmoor Road
Homewood, AL 35209

# Exhibit 1

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Devon Barber<br>1336 23rd Ave North<br>Birmingham, AL 35204 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative<br>**DEBRA N. POWELL,** | | Telephone No. |
| **420-2020-02588** | **Investigator** | | **(205) 651-7019** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Digitally signed by SHERI
SHERI GUENSTER GUENSTER
Date: 2021.04.16 13:41:35 -04'00' / for

**APR 2 2 2021**

Enclosures(s)

**BRADLEY A. ANDERSON,**
**District Director**

*(Date Issued)*

cc:

| UNICOM BIRMINGHAM, LLC<br>Dafna Gauthier, HR Manager<br>309 Oxmoor Road<br>Homewood, AL 35209 | THE PATTON FIRM<br>c/o Jeremy Schatz, Attorney<br>100 - 41st Street South, Suite A<br>Birmingham, AL 35222 |
|---|---|

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS     --     Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS     --     Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION     --     Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE     --     All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Received by EEOC on 07/16/2020

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2020-02588 |

and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. DeVon Barber | (938) 900-3113 | 8/13/91 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1336 23rd Ave North Birmingham, AL 35204 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Unicom Birmingham, LLC | 15+ | (205) 224-5578 |

| Street Address | City, State and ZIP Code |
|---|---|
| 309 Oxmoor Road Homewood, AL 35209 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☒ OTHER (Specify) Sexual Orientation

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Jan 1, 2016  Latest: 3/28/2020

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s):

See Exhibit A.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 7-12-2020 _____<br>Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

420-2020-02588

Exhibit A

1. My name is DeVon Barber. I am a male, and I am over the age of 19 and a resident of Alabama.
2. I do not identify under a traditional sexual preference.
3. I am a gay man.
4. Starting in 2016 I began working for Unlimited Wireless, which is now Unicom Birmingham, LLC and All Cellular LLC.
5. The address of the store I was working at was 873 Dennison Ave SW Birmingham, AL 35211.
6. These companies are branded as Metro By T-Mobile.
7. The owner of the store I was working at was Amro Khaleq.
8. Towards the end of my employment I began to notice certain comments were made that could be considered discriminatory.
9. I left Metro Wireless in 2016 and went to work for Ross.
10. Around August of 2018, Amro Khaleq called me begging me to return to work.
11. He stated that sales were down, and all my customers were leaving.
12. I informed him I would return, and I was promised a raise to match what I was making at Ross.
13. However, I did not receive a raise to match my pay.
14. Starting in December of 2018, Amro Khaleq brought his friends in to work with me.
15. They immediately began to make comments and tease me about being gay.
16. Amro Khaleq's cousin told me he bet I "suck dick better than a female."
17. Eventually, Metro Wireless Corporate reached out to me about becoming a Metro Master.
18. This position would guarantee me a raise and allow me to handle new hire training and more managerial duties.
19. Amro Khaleq told me that he was not giving me a raise and that "I should be happy I'm paying you $9.50 with your gay dick taking ass."
20. I immediately reported Amro Khaleq for this comment to Corporate.
21. They reached out to Amro Khaleq about the comment, and his conduct toward me only got worse.
22. He asked me "why the fuck would you call them black bitch?" and stated "y'all gays are really not valued."
23. Amro Khaleq would routinely make comments about my race along with my sexual preference.
24. For some time after this, Amro Khaleq would not speak to me.
25. However, in August of 2019 Amro Khaleq called me and told me that my boyfriend was not allowed to bring me lunch and that I could only eat when he told me to.
26. Amro Khaleq would call to say that I could not have anyone bring me lunch or eat outside because "gays do not have rights."
27. Around January of 2020, Amro Khaleq asked me if I was still gay. I stated that I would be until I died.

Received by EEOC on 07/16/2020

420-2020-02588

28. His response was "omg I can't wait."
29. Around February of 2020, I asked off to go to the beach with my boyfriend.
30. Amro Khaleq declined my request and said, "you can get your dick in Birmingham, Alabama."
31. In March of 2020, the covid-19 outbreak started.
32. Amro Khaleq would not provide the store with any PPE or hand sanitizer.
33. I asked Amro Khaleq for PPE and sanitizer, and he stated that "you're gay you don't need it. Y'all go out and get HIV and still live with it. You don't need PPE."
34. After these comments, and due to the continued worsening of how I was treated, I had no choice but to resign my employment on or about March 28, 2020.
35. I believe that I have been subjected to a hostile work environment and discrimination based on my sexual preference and/or race and subjected to retaliation for reporting Amro Khaleq to Corporate for harassment, all of which are violation of Title VII of the Civil Rights Act.
36. I declare under penalty of perjury that the preceding is true and correct.
37. I authorize the EEOC to release the contents of this Charge of Discrimination to the Respondent.

Done this 12ᵗʰ day of July 2020.

DeVon Barber

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2020-02588 |

| State or local Agency, if any | and EEOC |
|---|---|

| Name (Indicate Mr., Ms., Mrs.)<br>Mr. DeVon Barber | Home Phone (Incl. Area Code)<br>(938) 900-3113 | Date of Birth<br>8/13/91 |
|---|---|---|

Street Address: 1336 23rd Ave North Birmingham, AL 35204    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name<br>Unicom Birmingham, LLC | No. Employees, Members<br>15+ | Phone No. (Incl. Area Code)<br>(205) 224-5578 |
|---|---|---|

Street Address: 309 Oxmoor Road Homewood, AL 35209    City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|

Street Address:    City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER (Specify) Sexual Orientation

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Jan 1, 2016    Latest: 3/28/2020
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See Exhibit A.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

7-12-2020
Date

Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

420-2020-02588
Received by EEOC on 07/16/2020

Exhibit A

1. My name is DeVon Barber. I am a male, and I am over the age of 19 and a resident of Alabama.
2. I do not identify under a traditional sexual preference.
3. I am a gay man.
4. Starting in 2016 I began working for Unlimited Wireless, which is now Unicom Birmingham, LLC and All Cellular LLC.
5. The address of the store I was working at was 873 Dennison Ave SW Birmingham, AL 35211.
6. These companies are branded as Metro By T-Mobile.
7. The owner of the store I was working at was Amro Khaleq.
8. Towards the end of my employment I began to notice certain comments were made that could be considered discriminatory.
9. I left Metro Wireless in 2016 and went to work for Ross.
10. Around August of 2018, Amro Khaleq called me begging me to return to work.
11. He stated that sales were down, and all my customers were leaving.
12. I informed him I would return, and I was promised a raise to match what I was making at Ross.
13. However, I did not receive a raise to match my pay.
14. Starting in December of 2018, Amro Khaleq brought his friends in to work with me.
15. They immediately began to make comments and tease me about being gay.
16. Amro Khaleq's cousin told me he bet I "suck dick better than a female."
17. Eventually, Metro Wireless Corporate reached out to me about becoming a Metro Master.
18. This position would guarantee me a raise and allow me to handle new hire training and more managerial duties.
19. Amro Khaleq told me that he was not giving me a raise and that "I should be happy I'm paying you $9.50 with your gay dick taking ass."
20. I immediately reported Amro Khaleq for this comment to Corporate.
21. They reached out to Amro Khaleq about the comment, and his conduct toward me only got worse.
22. He asked me "why the fuck would you call them black bitch?" and stated "y'all gays are really not valued."
23. Amro Khaleq would routinely make comments about my race along with my sexual preference.
24. For some time after this, Amro Khaleq would not speak to me.
25. However, in August of 2019 Amro Khaleq called me and told me that my boyfriend was not allowed to bring me lunch and that I could only eat when he told me to.
26. Amro Khaleq would call to say that I could not have anyone bring me lunch or eat outside because "gays do not have rights."
27. Around January of 2020, Amro Khaleq asked me if I was still gay. I stated that I would be until I died.

Received by EEOC on 07/16/2020

420-2020-02588

28. His response was "omg I can't wait."

29. Around February of 2020, I asked off to go to the beach with my boyfriend.

30. Amro Khaleq declined my request and said, "you can get your dick in Birmingham, Alabama."

31. In March of 2020, the covid-19 outbreak started.

32. Amro Khaleq would not provide the store with any PPE or hand sanitizer.

33. I asked Amro Khaleq for PPE and sanitizer, and he stated that "you're gay you don't need it. Y'all go out and get HIV and still live with it. You don't need PPE."

34. After these comments, and due to the continued worsening of how I was treated, I had no choice but to resign my employment on or about March 28, 2020.

35. I believe that I have been subjected to a hostile work environment and discrimination based on my sexual preference and/or race and subjected to retaliation for reporting Amro Khaleq to Corporate for harassment, all of which are violation of Title VII of the Civil Rights Act.

36. I declare under penalty of perjury that the preceding is true and correct.

37. I authorize the EEOC to release the contents of this Charge of Discrimination to the Respondent.

Done this 12ᵀʰ day of July 2020.

DeVon Barber